1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MICHAEL BAZLEY,

11                    Plaintiff,                    No. CIV S-10-1343 LKK EFB P

12            vs.

13    M. GATES, et al.,
                                                    ORDER AND
14                    Defendants.                   FINDINGS AND RECOMMENDATIONS

15    _____/

16        Plaintiff is a former state prisoner proceeding without counsel in a civil rights action

17    brought under 42 U.S.C. § 1983.[1]  He proceeds on his August 24, 2010 amended complaint on

18    claims that defendants Walker, Traquina, Aguilera, and Saukhla ("defendants") were

19    deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when

20    they denied him medical treatment for his chronic Hepatitis C.  Plaintiff also alleges defendant

21    Saukhla, his primary care physician, prescribed plaintiff a drug knowing it would significantly

22    damage plaintiff's liver, and threatened to punish plaintiff if he refused the drug.

23        Pending before the court are defendants' motion to compel (Dckt. No. 36), plaintiff's

24    motion to compel (Dckt. No. 38), and defendants' motion for summary judgment (Dckt. No. 47).

25    _____

26        [1] Plaintiff's June 21, 2011 Notice of Change of Address suggests he is no longer confined
      to a state prison. *See* Dckt. No. 46.

1

For the reasons stated below, the undersigned denies both motions to compel and recommends that defendants' summary judgment motion be granted.

**I.      Motions to Compel**

On January 7, 2011, the undersigned issued a discovery and scheduling order requiring that all requests for written discovery be served no later that February 10, 2011, and that any motions to compel be filed by April 13, 2011.  Dckt. No. 31 at 4.

Defendants filed a motion to compel on April 12, 2011.  Dckt. No. 36.  Plaintiff filed a motion to compel, dated April 16, 2011.  Dckt. No. 38 at 1.

Defendants move to compel plaintiff's response to their requests for production of documents and interrogatories.  They contend that plaintiff's responses are incomplete, non-responsive, and tantamount to no responses at all.  In light of the recommendation herein to grant defendants' motion for summary judgment, defendants' motion to compel further discovery responses is denied as moot.

Plaintiff moves to compel defendants' responses to his requests for production of documents and interrogatories.  Plaintiff's motion, dated April 16, 2011, was filed after the deadline set by the court.  Plaintiff asks that the court deem his motion timely filed, explaining in a declaration signed under penalty of perjury that on April 11, 2011, he suffered a stroke and was taken to an outside hospital.  Dckt. No. 38 at 69.[2]  He states that the stroke left him partially paralyzed, and that when he was released from the hospital on April 13th, he had limited access to the prison library.  *Id.*; *see* Dckt. No. 45 (including copies of plaintiff's April 11, 2011 medical records).  Good cause appearing, the court extends the discovery deadline, *nunc pro tunc*, to April 16, 2011, and deems plaintiff's motion to compel timely filed.

////

////

---

[2]  This and subsequent page number citations to plaintiff's filings are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

2

Through his motion, plaintiff claims that defendants' responses are incomplete, non-responsive, and tantamount to no response at all.  He claims that his discovery requests are relevant, do not relate to privileged matters, and that defendants' failure to provide adequate responses is not justified.  He also argues defendants are required to produce documents in their possession, custody or control.  Attached to the motion are 65 pages of defendants' discovery responses.  Plaintiff does not identify which request for production or interrogatory responses he contends are inadequate.  Nor does plaintiff make any specific argument regarding why defendants' objections are not well-founded or should be disregarded by the court.

Defendants oppose plaintiff's motion, calling it "a copycat reaction to defendants' motion to compel," and arguing that plaintiff "merely parroted some verbiage from defendants' motion, but did not include any analysis as to why his motion to compel is warranted."  Dckt. No. 42 at 2.  Defendants argue that their discovery responses are complete and adequate, and that plaintiff's motion should be denied because he fails to indicate which of their responses, if any, are deficient, and which of their objections, if any, are inappropriate.  *Id.*  Through his reply brief, plaintiff responds "that every answer in the four corners of the Defendants['] responses is inadequate and incomplete."  Dckt. No. 44 at 2.

As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response,

3

1  inform the court why the information sought is relevant and why Defendant's objections are not

2  justified.").

3          As noted above, plaintiff has not provided specific arguments as to why any response or

4  objection is deficient.  Merely stating generally that defendants' responses are inadequate is not

5  sufficient.  Plaintiff claims generally that his motion should be granted because he seeks relevant

6  information and information that is not privileged.  However, a review of the discovery

7  responses attached to plaintiff's motion reveals that none of defendants' objections are grounded

8  in a claimed privilege.  *See* Dckt. No. 38 at 3-67.  And while a handful of the objections are

9  based on relevance, defendants provide alternate grounds for those objections.  *Id.*  The

10 undersigned will not review each of plaintiff's discovery requests and each of defendants'

11 responses in order to determine whether any of defendants' responses are somehow deficient.

12 Plaintiff, who indicates that he received defendants' discovery responses on February 23, 2011,

13 *id.* at 2, has had ample time to do so himself.  Plaintiff has not met his burden of describing why

14 the information he seeks through discovery is relevant to the prosecution of this action, or why

15 any particular response or objection is inadequate.  *See, e.g., Williams v. Flint*, No. CIV

16 S-06-1238 FCD GGH P, 2007 U.S. Dist. LEXIS 98794, 2007 WL 2274520, at *1 (E.D. Cal.

17 Aug. 3, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate.  It is

18 not enough to generally argue that all responses are incomplete.").  Accordingly, plaintiff's

19 motion to compel is denied.

20 ////

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

4

**II.     Defendants' Motion for Summary Judgment**

**A.     Undisputed Facts**

Plaintiff was infected with the Hepatitis C virus when he began serving his prison sentence at the Deuel Vocational Institute in July 2009. Defs.' Mot. for Summ. J. ("Defs.' MSJ"), Stmt. of Undisp. Facts in Supp. Thereof ("SUF") SUF 1.[3]  At all times relevant to plaintiff's complaint, defendant Walker was the Chief of California Prison Health Care Services, Office of Third Level Appeals, defendant Dr. A. Traquina  was the Chief Medical Officer at California State Prison, Solano (CSP-Solano), defendant Dr. N. Aguilera was the Chief Medical Officer at California Medical Facility, and defendant Dr. Saukhla was a primary care physician at California Medical Facility.  SUF 2.

Plaintiff was at the Deuel Vocational Institute Reception Center from July 17, 2009 through October 28, 2009.  SUF 3.  Reception Centers are designed to house and process incoming inmates by compiling and evaluating the inmates' records, including their criminal, medical, mental health and social histories, to identify specific placement needs before assigning them to a specific "mainline" prison.  SUF 3.

On August 4, 2009, plaintiff submitted an appeal, which was assigned log number DVI-15-09-13038, claiming that the medical department failed to provide treatment for his Hepatitis C virus, despite his requests on July 17, 2009 and July 23, 2009.  SUF 4.  This appeal was denied by Deuel staff members at the informal, first, and second levels of review.  SUF 5.

---

[3] Plaintiff objected to each of defendants' statements of undisputed fact on the ground that the evidence "does not support the proposition for which it is cited," or as "vague and ambiguous."  Dckt. No. 52.  However, as to each of defendants' statements of undisputed fact, the cited evidence does support the statement, and the statement is neither vague nor ambiguous. Plaintiff's objections are therefore overruled.  Also, as to some of defendants' statements of undisputed fact, plaintiff states that he has four "involuntary/unwilling witness[es] to testify to the contrary,"and indicates that the four witnesses are non-party medical staff at CSP-Solano and California Medical Facility.  *Id.* at 7.  Aside from plaintiff's conclusory statements that the witnesses would offer testimony that is "contrary" to several of defendants' statements of undisputed fact, plaintiff does not describe their anticipated testimony or articulate how it might create any genuine, material disputes for trial.

The Director's Level response was signed by defendant Walker.  SUF 5.  Walker is not a licensed medical professional and is not authorized to provide medical care.  SUF 6.  Walker concurred with the first and second level appeals decisions, which were based on a review of plaintiff's appeal, his Unit Health Record, and dialogue with clinicians involved in his care.  SUF 7.   In both the first and second level appeals, plaintiff was informed that Hepatitis C treatment is not provided to reception center inmates - an inmate must be at a mainline institution or at the reception center for at least 18 months.  SUF 7.  Reception Center inmates are not eligible for Hepatitis C treatment because they are usually housed there for a very short time.  SUF 8.  The treatment itself takes 48 weeks.  SUF 29.

On October 28, 2009, plaintiff was transferred to the California Medical Facility.  SUF 9.  Dr. Saukhla provided treatment to plaintiff, mainly for his seizure disorder.  SUF 10.  On November 17, 2009, plaintiff submitted a health care request form indicating that he wanted Hepatitis C treatment.  SUF 11.  Dr. Saukhla was not involved in handling plaintiff's request for Hepatitis C treatment.  SUF 12.

On November 20, 2009, plaintiff was seen by a physician's assistant, who discussed treatment options with plaintiff.  SUF 13.   Plaintiff is infected with genotype one, which requires a liver biopsy before treatment.  SUF 14, 15.  Plaintiff indicated he would think about whether he wanted to undergo a liver biopsy.  SUF 16.  On January 27, 2010, plaintiff indicated he wanted to proceed with a liver biopsy.  SUF 17.  On March 22, 2010, plaintiff's liver biopsy was scheduled for April 23, 2010.  SUF 18.  On April 8, 2010, plaintiff cancelled his scheduled liver biopsy.  SUF 19.  Plaintiff stated that he was being transferred to another facility and would rather wait and have the liver biopsy done at the next facility.  SUF 19.  The advantages and disadvantages of not having the liver biopsy done as scheduled were discussed with plaintiff, who indicated that he understood.  SUF 19.  Plaintiff was not denied medical treatment for Hepatitis C at the California Medical Facility.  SUF 20.

////

6

When plaintiff arrived at the California Medical Facility on October 28, 2009, he had an active prescription from a physician at Deuel for Depakote to control his seizures. SUF 21. Dr. Saukhla continued this prescription. SUF 21. Although Depakote and other anti-epileptic drugs can cause liver damage, the alternative is untreated epilepsy. SUF 21. Seizures can result in serious injuries or death due to accidents during the attack (i.e., trauma, falls, drowning, burning, choking). SUF 21. Plaintiff had regular laboratory tests, including a liver panel, which revealed that plaintiff was not taking the Depakote. SUF 21. When Dr. Saukhla confronted plaintiff about the lab results, plaintiff admitted he had not been taking the Depakote as prescribed. SUF 22. Dr. Saukhla explained the risks of non-adherence to the Depakote prescription, but did not threaten plaintiff with any type of punishment if he failed to take the Depakote. SUF 22.

The only appeal produced by plaintiff in response to defendants' request for production of documents was DVI-15-09-13038. SUF 24. Dr. Aguilera's name is not mentioned in this appeal, nor did he respond to it at any level of review. SUF 26. The second level response is on Deuel letterhead and is signed by Rick Mott, the Health Care Manager at Deuel. SUF 26. Dr. Aguilera had no knowledge of this appeal, but even if he did, as the Chief Medical Officer at California Medical Facility, he had no authority to grant an appeal on behalf of another institution. SUF 26.

On April 29, 2010, plaintiff was transferred to CSP-Solano, where he remained until his release in 2011. SUF 27. In May 2010, plaintiff asked about the liver biopsy that he cancelled due to his transfer. SUF 28. He was informed that because his parole date was June 2011, there was not enough time to treat his type of Hepatitis C. SUF 28, 29. Moreover, additional time is required for a liver biopsy, which is a prerequisite to treatment. SUF 29. And only patients with liver biopsy results that meet certain criteria will be offered treatment for Hepatitis C. SUF 29.

When asked to provide evidence that Dr. Traquina, the CSP-Solano Chief Medical Officer, was aware of plaintiff's need for Hepatitis C treatment, plaintiff stated, "see appeal," and produced the first, second, and third level responses to log number DVI-15-09-13038. SUF

30. The appeal and responses to the appeal contain no mention of Dr. Traquina, nor did Dr. Traquina respond to the appeal at any level.  SUF 31.  This appeal was resolved on April 6, 2010, before plaintiff was even transferred to CSP-Solano.  SUF 31.

Dr. Traquina does not recall ever meeting plaintiff.  SUF 32.  Dr. Traquina did not provide plaintiff with medical care nor did he play any role in plaintiff's clinical treatment or medical care.  SUF 32.  Dr. Traquina did not deny or ignore any requests for Hepatitis C treatment from plaintiff, and was unaware of plaintiff's request for Hepatitis C treatment until this lawsuit was filed.  SUF 32.

### B.   Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477

8

U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures.  Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own.  When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is determined by the substantive law.  *Id.*  If the opposing party is unable to produce

1   evidence sufficient to establish a required element of its claim that party fails in opposing

2   summary judgment.  "[A] complete failure of proof concerning an essential element of the

3   nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at

4   322.

5          Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

6   the court must again focus on which party bears the burden of proof on the factual issue in

7   question.  Where the party opposing summary judgment would bear the burden of proof at trial

8   on the factual issue in dispute, that party must produce evidence sufficient to support its factual

9   claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

10  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  Rather, the opposing party must, by affidavit

11  or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

12  for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

13  demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

14  that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*,

15  477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

16         The court does not determine witness credibility.  It believes the opposing party's

17  evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

18  *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

19  proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*

20  *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,

21  dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts

22  at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441

23  (9th Cir. 1995).  On the other hand,"[w]here the record taken as a whole could not lead a rational

24  trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*,

25  475 U.S. at 587 (citation omitted).  In that case, the court must grant summary judgment.

26  ////

1     Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

2 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

3 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

4 'genuine issue for trial.'" *Id.*  If the evidence presented and any reasonable inferences that might

5 be drawn from it could not support a judgment in favor of the opposing party, there is no genuine

6 issue.  *Celotex.*, 477 U.S. at 323.  Thus, Rule 56 serves to screen cases lacking any genuine

7 dispute over an issue that is determinative of the outcome of the case.

8     On October 1, 2010, the court informed plaintiff of the requirements for opposing a

9 motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154

10 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v.*

11 *Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

12     **C.     Discussion**

13     Plaintiff claims that defendants were deliberately indifferent to his serious medical needs

14 in violation of the Eighth Amendment.  Defendants move for summary judgment, arguing that

15 plaintiff has produced no evidence that defendants violated his rights under the Eighth

16 Amendment.[4]  Viewing the evidence in the light most favorable to plaintiff as the non-moving

17 party, the undersigned finds that no reasonable juror could conclude that any of the defendants

18 knew of and disregarded an excessive risk to plaintiff's health.

19     A prison official violates the Eighth Amendment's proscription of cruel and unusual

20 punishment where he or she deprives a prisoner of the minimal civilized measure of life's

21 necessities with a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834

22 (1994).  To prevail, plaintiff must show both that his medical needs were objectively serious, and

23 that defendant possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294,

24

25     [4] Defendants' motion also argues that some claims should be dismissed as moot or
unexhausted, and that they are entitled to qualified immunity.  *See* Dckt. No. 47.  Because the
undersigned finds defendants are entitled to summary judgment on alternate grounds, these
26 issues need not be addressed.

1   297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical

2   need is one that significantly affects an individual's daily activities, an injury or condition a

3   reasonable doctor or patient would find worthy of comment or treatment, or the existence of

4   chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.

5   1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997)

6   (*en banc*).

7            Deliberate indifference may be shown by the denial, delay or intentional interference

8   with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United*

9   *States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official

10  must both be aware of facts from which the inference could be drawn that a substantial risk of

11  serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837

12  (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious

13  harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  "[I]t

14  is enough that the official acted or failed to act despite his knowledge of a substantial risk of

15  serious harm."  *Id.* at 842.  A physician need not fail to treat an inmate altogether in order to

16  violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314

17  (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some

18  treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*  However,

19  it is important to differentiate common law negligence claims of malpractice from claims

20  predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

21  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

22  support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

23  1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th

24  Cir. 2004).   It is well established that mere differences of opinion concerning the appropriate

25  treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d

26  330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 1.   Defendant Traquina - Chief Medical Officer at CSP-Solano

Plaintiff alleges that Traquina was deliberately indifferent to his serious medical needs because he failed to use his authority as the Chief Medical Officer at CSP-Solano, to intercept and correct plaintiff's treatment once plaintiff was transferred to CSP-Solano.  Dckt. No. 11, ¶¶ 6, 20.  With their motion for summary judgment, defendants produce undisputed evidence that Traquina played no role in plaintiff's clinical treatment or medical care, and that he did not deny or ignore any request from plaintiff for Hepatitis C treatment.  SUF 32.  Traquina also declares he was unaware of plaintiff's request for Hepatitis C treatment until this lawsuit was filed.  Id.

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  Where a plaintiff alleges a defendant holding a supervisory position was deliberately indifferent, the supervisor's participation and resulting liability may be based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others.  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).  Here, the facts establish that Traquina had no involvement in plaintiff's medical care, and therefore could not have caused the alleged Eighth Amendment violation.  Traquina cannot be held liable for plaintiff's alleged injuries solely because of his position as the Chief Medical Officer.

In opposition, plaintiff argues he is entitled to summary judgment because defendants do not produce evidence that there were not deliberately indifferent to plaintiff's serious medical needs.  Dckt. No. 49.  However, it is plaintiff who has the burden to prove his claims, and in demonstrating the absence of a genuine issue of material fact, defendants do not need to produce evidence to negate those claims.  *See e.g., Lujan*, 497 U.S. at 885.  Plaintiff's argument lacks merit.

////

1    Plaintiff also submits a declaration stating he has personal knowledge that each of the

2    defendants were "deliberately indifferent" to his "serious medical needs" and "will competently

3    testify in court to all." Dckt. No. 50.  However, a "declaration used to . . . oppose a motion must

4    be made on personal knowledge, set out facts that would be admissible in evidence, and show

5    that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

6    Plaintiff's declaration does set out any facts to support his claimed knowledge of defendants'

7    deliberate indifference.  Moreover, plaintiff's declaration consists solely of legal conclusions and

8    inadmissible opinions. *See Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066 n.10 (9th Cir.

9    2002).  Accordingly, plaintiff's declaration fails to create a genuine dispute for trial, and the

10   undersigned finds that Traquina is entitled to summary judgment. *See Rodriguez v. Airborne*

11   *Express*, 265 F.3d 890, 902 (9th Cir. 2001) ("This circuit has held that self-serving affidavits are

12   cognizable to establish a genuine issue of material fact so long as they state facts based on

13   personal knowledge and are not too conclusory.").

14              **2.       Defendant Walker - Chief of California Prison Health Care Services**

15   Plaintiff alleges defendant Walker was deliberately indifferent to his serious medical

16   needs by denying his administrative appeal requesting treatment for his Hepatitis C virus.  Dckt.

17   No. 11, ¶¶ 5, 14, 17.  The record establishes that Walker is not a licensed medical professional

18   and is not authorized to provide medical care.  SUF 6.   Thus, in responding to plaintiff's appeal,

19   Walker confirmed that plaintiff's medical condition had been evaluated by licensed clinical staff

20   and that he was receiving treatment deemed medically necessary.  Defs.' MSJ, Walker Decl.

21   ¶ 10.  Walker also agreed with the first and second level responses to plaintiff's appeal, which

22   informed plaintiff that Hepatitis C treatment was not provided to reception center inmates.  SUF

23   7.  On the record before her, Walker determined that there was no compelling evidence to

24   warrant her intervention at the Director's Level of Review.  Defs.' MSJ, Walker Decl. ¶ 10.

25   ////

26   ////

14

1   Plaintiff does not produce any evidence that Walker disregarded an excessive risk to plaintiff's

2   health, failed to take reasonable steps to abate any substantial risk, or was otherwise deliberately

3   indifferent to his serious medical needs.  Accordingly, Walker is entitled to summary judgment.

4                   **3.      Defendant Aguilera - Chief Medical Officer at CMF**

5          Plaintiff alleges that defendant Aguilera was deliberately indifferent to his serious

6   medical needs because he denied plaintiff's administrative appeal requesting medical treatment

7   and that as the Chief Medical Officer, he had the authority to give plaintiff the requested

8   treatment.  Dckt. No. 11, ¶¶ 7, 13, 18, 43.  Defendants' evidence shows that the only appeal that

9   plaintiff produced was resolved by Deuel staff, not California Medical Facility staff, and does

10  not mention Aguilera.  SUF 23-26.  It is also undisputed that Aguilera had no knowledge of the

11  appeal, and that he would not be authorized to grant an appeal on behalf of another institution.

12  SUF 26.  Further, Aguilera testifies that he did not deny or ignore any requests from plaintiff for

13  Hepatitis C treatment.  Defs.' MSJ, Aguilera Decl. ¶ 4.

14         With his opposition, plaintiff produces evidence of a second administrative appeal

15  regarding his health issues and medical care.  Dckt. No. 51 at 3-6.  This appeal, however, was

16  addressed by staff at CSP-Solano and concerns plaintiff's Depakote claim against defendant

17  Saukhla.  It does not mention Aguilera and does not create a triable issue as to Aguilera's

18  liability.  Like Traquina, Aguilera cannot be held liable solely because of his position as the

19  Chief Medical Officer.  Accordingly, the undersigned finds that Aguilera is entitled to summary

20  judgment.

21                  **4.      Defendant Saukhla - Physician at California Medical Facility**

22         Plaintiff alleges defendant Saukhla was deliberately indifferent to his serious medical

23  needs by denying plaintiff's requests for treatment of his Hepatitis C virus, wrongfully

24  prescribing Depakote, and threatening plaintiff with punishment when he refused to take

25  Depakote.  Dckt. No. 11, ¶¶ 8, 12, 19, 50.  Defendants' evidence shows that Saukhla's

26  involvement in plaintiff's medical care was limited to treating plaintiff's seizure disorder.  SUF

10-12.  Defendants' evidence also shows that plaintiff received medical care for his Hepatis C virus while housed at California Medical Facility.  California Medical Facility staff discussed with plaintiff his treatment options and scheduled plaintiff for a liver biopsy -- a prerequisite for treatment – but plaintiff chose to cancel it.  SUF 13-15, 18-19.  A few weeks after plaintiff cancelled his liver biopsy, he was transferred to CSP-Solano.  SUF 19, 27.

The portion of the administrative appeal submitted with plaintiff's opposition suggests that plaintiff claimed he was not responsible for the cancelled biopsy, and wanted to know why it had been cancelled.  Dckt. No. 51 at 3-4.  It does not, however, suggest that Saukhla, or any other defendant was in involved in cancelling the biopsy.

The administrative appeal also shows that plaintiff disagreed with Saukhla's decision to prescribe Depakote.  Dckt. No. 51 at 3-6.  Plaintiff's disagreement in this regard is not sufficient to create a triable issue.  *See Estelle*, 429 U.S. at 106.

While the administrative appeal also summarizes plaintiff's claim that Saukhla had threatened him with punishment for not taking the Depakote, plaintiff neither pleads facts nor produces evidence to show that the alleged threat amounted to a deprivation of plaintiff's constitutional rights.  *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (A "mere threat" may not provide a basis for a cognizable 42 U.S.C. § 1983 claim, as it "trivializes the eighth amendment to believe a threat constitutes a constitutional wrong"); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse by a prison official does not amount to a constitutional violation).

Accordingly, the undersigned finds that Saukhla is entitled to summary judgment.

**III.   Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion to compel (Docket No. 36) is denied.

2.  The discovery deadline is extended, *nunc pro tunc*, to April 16, 2011, and plaintiff's motion to compel (Docket No. 38) is denied.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (Docket No. 47) be granted.

2. The Clerk be directed to enter judgment in defendants' favors.

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE